# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| JUANITA EUGENIA GUTIERREZ GORDILLO, et al, <br>  Plaintiffs, <br> v. <br> GULF COAST MARINE & ASSOCIATES, INC, et al, <br>  Defendants. | CIVIL ACTION NO. 9-09-cv-164 (TJW) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Schlumberger Technology Corporation's ("Schlumberger" or "Defendant") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 22). In its motion, Defendant moves the Court to dismiss Plaintiffs' Amended Complaint (Dkt. No. 2) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and argues that the Amended Complaint does not state a cognizable claim under the general maritime law of the United States because any claim is barred by the Jones Act. Defendant further argues that the Jones Act bars Plaintiffs' foreign and state law claims and, thus, that the entire Amended Complaint should be dismissed. Having considered the briefing of the parties and the applicable law, the Court GRANTS-in-part and DENIES-in part Defendant's motion for the reasons discussed below.

I. **Factual Background**

Plaintiffs filed suit on October 15, 2009. Plaintiffs then filed an amended complaint on October 19, 2010 ("Amended Complaint"), which is the basis for Defendant's motion to dismiss, asserting negligence, gross negligence, products liability, and wrongful death claims against

1

various defendants under general federal or international maritime law or, in the alternative, under Texas law or the relevant law of Mexico. The lawsuit is based on an accident that occurred on a mobile drilling rig and oil production platform in Mexican territorial waters, just north of the Mexican coast in the Gulf of Campeche, on October 23, 2007. Plaintiffs are all Mexican residents, and they, or their decedents, were employed by Compañia Perforadora Central, "Sercomosa and/or Comodatoria," or Petroleos Mexicanos ("PEMEX"), Mexico's state owned oil company. PEMEX owned the production platform and rented the drilling rig on which Plaintiffs or their decedents were working at the time of the accident for purposes of the exploration, development, and production of Mexican oil and gas resources.

## II. Legal Standard

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, although complaints are not required to include meticulously detailed allegations in order to survive a rule 12(b)(6) motion to dismiss, the plaintiff must allege more than labels and conclusions or a formulaic recitation of the elements of a cause of action in order to satisfy his obligation to provide the "grounds" of his "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). At a minimum, the complaint must state a claim that is at least "plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). The Court may not rely on "conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th

Cir. 2004). Additionally, the Court must assume that the allegations in the complaint are true. *See id.*; *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327. The well-pleaded facts must permit the court to infer more than just the mere possibility of misconduct. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

**III. Analysis**

As discussed above, Plaintiffs' Amended Complaint asserts negligence, gross negligence, products liability, and wrongful death claims against various defendants under general federal or international maritime law or, in the alternative, under Texas law or the relevant law of Mexico. Defendant first argues that Plaintiffs' claims under the general maritime law of the United States are barred by the Jones Act's restriction on recovery by non-resident aliens for incidents occurring in the waters of another country. 46 U.S.C.A. § 30105(b). Defendant further argues that this provision of the Jones Act also bars Plaintiffs' foreign and state law claims. Therefore, Defendant asserts that Plaintiffs' Amended Complaint should be dismissed for failure to state a claim. The Court will first consider whether the Jones Act bars Plaintiffs' claims under U.S. maritime law and will then determine whether the Jones act bars Plaintiffs' claims under Mexican law or international maritime law. Finally, the Court will consider whether the Jones Act preempts Plaintiffs' claims under Texas law.

**A. The Jones Act Bars Plaintiffs' Claims under Federal Maritime Law**

The Jones Act provides that Plaintiffs cannot maintain a civil action for death or other injury under the Jones Act or under any other maritime law of the United States if : (1) the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action; (2) the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States; and (3) the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources. 46 U.S.C.A. § 30105(b). However, this prohibition does not apply if "the individual bringing the action establishes that a remedy is not available under the laws of (1) the country asserting jurisdiction over the area in which the incident occurred or (2) the country in which the individual suffering the injury or death maintained citizenship or residency at the time of the incident." 46 U.S.C.A. § 30105(c).

The parties do not dispute that the accident giving rise to this suit took place in the territorial waters of Mexico, nor do they dispute that the individuals suffering the injuries were residents and citizens of Mexico and were employed at the time of the incident by PEMEX, which was engaged in the exploration, development, and production of Mexican oil and gas resources. Therefore, the only issue of contention between the parties is whether Mexican law provides a remedy for Plaintiffs' and their decedents' injuries.

Plaintiffs have not alleged that Mexican law fails to provide an adequate remedy for their injuries, and neither party has presented any evidence as to whether Mexican law provides a remedy. Instead, Defendant argues that Plaintiffs carry the burden of demonstrating that Mexican

4

law does not provide an adequate remedy in order for their claims under U.S. maritime law to stand and have not met that burden. Plaintiffs, however, assert that Defendant must demonstrate that the laws of Mexico provide an adequate remedy in order to access the preemption defense outlined in Section 30105(b) and that they have not met their burden. Neither party provides case law supporting its position that the opposing party bears the burden of proof on this issue, and the Court's own research has uncovered no cases directly addressing this. However, the plain language of the statute makes it clear that the burden to plead, and ultimately prove, that Mexican law does not provide an adequate remedy lies with the Plaintiffs. Section 30105(c) specifically states that the bar against non-resident aliens bringing suit under the Jones Act or federal maritime law does not apply "if the individual bringing the action establishes" that a remedy is not available under the laws of their home country or of the country in whose territorial waters the accident occurred. 46 U.S.C.A. § 30105(c). Because Plaintiffs have not alleged that Mexican law does not provide an adequate remedy, all causes of action in the Amended Complaint brought under the maritime law of the United States are dismissed without prejudice to file an amended complaint in compliance with Federal Rules of Civil Procedure 8 and 11.

**B. The Jones Act does not Bar Plaintiffs' Claims under Foreign Law or International Maritime Law**

Defendant next argues that Plaintiffs' claims under international maritime law, sometimes referred to as international *lex maritime*, and Mexican law are also barred by § 30105(b) of the Jones Act. Accordingly, the Court must determine whether § 30105(b) bars not only claims made pursuant to the Jones Act or other maritime laws of the United States, but also foreign law claims. In the only Fifth Circuit opinion addressing this issue, the court reversed a district court's dismissal of a non-resident alien's claims under international *lex maritime* and Mexican law and held that the

Jones Act "bars only actions brought under the maritime law of the United States" and does not bar maritime claims brought pursuant to foreign laws. *Jackson v. North Bank Towing Corp.*, 201 F.3d 415, 418 (5th Cir. 2000). The Fifth Circuit focused on the plain meaning of the statute and held that because it made no mention of foreign law claims, the Jones Act did not bar foreign law claims or claims under international *lex maritime*. *Id.* at 417-18. In making its ruling, the Fifth Circuit noted that this reading of the Jones Act was somewhat in conflict with its legislative history, which "suggests that Congress did not intend for foreign seamen to be able to sue in American courts except where they would have no other available forum." *Id.* at 417. However, the court held that it need not look to the legislative history of the Jones Act since there is no ambiguity in § 30105, and the plain language of § 30105 dictates that claims based on foreign law are not barred. *Id*. at 417-18. The Fifth Circuit later vacated this opinion and dismissed the case on other grounds, stating that it need not have addressed the difficult question of whether the Jones Act barred foreign law claims. 213 F.3d 885 (5th Cir. 2000). Although *Jackson* does not constitute binding precedent, it does provide useful insight into this issue.

The Eastern District of Louisiana reached a similar conclusion as the Fifth Circuit had in *Jackson* based on the same reasoning. In *Oyuela v. Seacor Marine (Nigeria), Inc.*, the court held that although the Jones Act deprived a Honduran seaman of a remedy under federal law for personal injuries, it did not strip federal courts of jurisdiction to adjudicate his claims for relief pursuant to either the laws of Nigeria, the United Kingdom, or France. 290 F.Supp.2d 713, 724 (E.D. La. 2003). The court looked to the plain language of the statute and concluded that "[a]lthough the plan language of [§ 30105] denied plaintiff . . . a remedy under federal law, the statute does not forestall [plaintiff's] foreign law claims [in United States courts]." *Id.* The court

6

reasoned that § 30105 does not strip federal courts of jurisdiction, but "merely denies the foreign plaintiff a cause of action under the substantive maritime tort and compensation laws of the United States." *Id*. However, the court noted the possibility of a contrary result based on a review of the legislative history of the Jones Act:

> A result adverse to this can be supported by scrutinizing and perhaps piecing together comments made by various legislators during the passage of section [30105]. The commentary of some members of Congress suggests that they did not intend for foreign seamen to be able to sue in American courts except in instances where no foreign forum was available. But when the language of the statute is clear and free of ambiguity, as it is in this instance, it is unnecessary and in fact inappropriate, to turn to "legislative intent."

*Id.* at 724 n.5.

Similarly, in *Bodden v. Tidewater, Inc*., a Honduran seaman brought an action for personal injuries sustained while on a vessel being used to facilitate the exploration of offshore mineral and energy resources in waters overlaying the territorial shelf of Mexico. 2006 WL 2873479 (E.D. La. 2006). His employer moved for summary judgment based on § 688(b) of the Jones Act, now § 30105. The Eastern District of Louisiana held that although that section denied Jones Act relief, it does not preclude a claim based on foreign law. *Id*. at *3. Citing to *Jackson* and *Oyuela*, the court held that "[t]he plain language of [§ 30105] denies [plaintiff] a remedy under the Jones Act and the maritime laws of the United States; however, the statute does not refer to the jurisdiction of a federal court over a seaman's claims under foreign laws." *Id*. The Supreme Court of Texas has also held that foreign law claims are not barred by § 3105 of the Jones Act. In *Steir v. Reading & Bates Corporation*, the court held that the Jones Act does not preempt a Texas state court's exercise of jurisdiction over foreign law claims. 992 S.W.2d 423, 434 (Tex. 1999).

7

Based on the holdings of *Jackson*, *Oyuela*, and *Steir* the Court holds that the plain meaning of § 30105 of the Jones Act dictates that Plaintiffs' claims based on Mexican law and international maritime law are not barred. Accordingly, the Court denies Defendant's motion to dismiss the claims in the Amended Complaint based on Mexican and international maritime law.

**C. The Jones Act Bars Plaintiffs' State Law Claims**

Finally, Defendant argues that Plaintiffs' claims under Texas law are preempted by the Jones Act and, thus, are also barred by §30105(b). The Supreme Court held in *Lindgren v. United States* and *Gillespie v. United States* that the Jones Act was the exclusive wrongful death remedy for seamen and could not be supplemented by state wrongful death actions. *Lindgren v. United States*, 281 U.S. 38, 44-47, 50 S.Ct. 207, 74 L.Ed. 686 (1930); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 154-55, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). " . . . [I]n passing the [Jones Act], Congress provided an exclusive right of action for the death of seamen killed in the course of their employment, superseding all state death statutes which might otherwise be applied to maritime deaths . . .." *Gillespie*, 379 U.S. at 155 (citing *Lingren*, 281 U.S. 38). By extension, state causes of action for negligence and gross negligence must also be preempted by the Jones Act and general federal maritime law.

Numerous other courts have also held that the Jones Act impliedly preempts state law claims. For example, the First Circuit generally holds that state law claims are preempted by the Jones Act. *See Southworth Machinery Co., Inc. v. F/V Corey Pride*, 994 F.2d 37, 41 (1st Cir.1993) (attorneys fee provision in state statute, "being inconsistent with maritime law, cannot be applied in this case"); *Carey v. Bahama Cruise Lines*, 864 F.2d 201, 207 (1st Cir.1988) (Massachusetts comparative negligence law deemed incompatible with maritime law and

therefore inapplicable); *Clancy v. Mobil Oil Corp.*, 906 F.Supp. 42 (D.Mass.1995) (holding that injured seaman's loss of consortium claim under state law was preempted by the Jones Act). Similarly, the Supreme Court of Texas, in holding that the Jones Act impliedly preempts state law claims, considered the legislative intent of Congress in passing § 30105 of the Jones Act, which included the desire for uniform application of the law to foreign national offshore workers, reduction of insurance and legal costs of United States companies associated with the need to defend in and to obtain liability coverage in two countries, reduction of court congestion in the United States, curtailment of the undue extension of laws of the United States to other sovereign nations, and the placement of foreign workers in the offshore exploration industry on the same footing as their shoreside counterparts. *Steir*, 992 S.W.2d at 431. The court then stated that "none of these objectives could have been achieved if Congress had intended to leave a void that states were free to fill." *Id.* "There is no room for state law to provide a greater remedy when the grant of that remedy would be contrary to the intent of Congress." *Id*. at 432. Additionally, the Southern District of Texas stated in *Sandria Saqui v. Pride International, Inc.*, that if § 30105 disallows federal maritime claims, it must also disallow any state-law claims. 2007 WL 528193, at *5 (S.D. Tex. 2007).

The Court, thus, concludes that § 30105 of the Jones Act preempts Plaintiffs' claims for negligence, gross negligence, products liability, and wrongful death under Texas law. Because the Jones Act preempts these causes of action regardless of whether Plaintiffs' federal maritime claims are barred under § 30105(b), all causes of action in the Amended Complaint based on Texas law are dismissed with prejudice.

## IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS-in-part and DENIES-in-part Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Dkt. No. 22). The Court ORDERS that all claims in the Amended Complaint based on the maritime law of the United States are hereby DISMISSED WITHOUT PREJUDICE. Additionally, all claims in the Amended Complaint based on Texas law are DISMISSED WITH PREJUDICE. Plaintiffs are granted leave to file an amended complaint by October 8, 2010 ("Second Amended Complaint"). Defendants shall file an answer to the Second Amended Complaint or a motion to dismiss the Second Amended Complaint by October 20, 2010. Should Defendants file a motion to dismiss the Second Amended Complaint, Plaintiffs shall file a response to that motion by November 1, 2010. Defendants shall then file a reply by November 8, 2010. No surreply will be permitted without leave of Court.

Because the Court finds that the issue of whether Plaintiffs' amended federal maritime law and state law claims are barred is important to the issue of whether the Court should dismiss the case for *forum non conveniens*, the Court FURTHER ORDERS that Defendants' file their opening consolidated brief on the issue of whether to dismiss the consolidated cases for *forum non conveniens* (*see* the Court's Order dated September 15, 2010, Dkt. No. 51) not later than 30 days after the Court's ruling on Defendants' anticipated motion to dismiss the Second Amended Complaint. Further briefing of this motion shall be in accordance with the local rules of the Eastern District of Texas. As required by the Court's order dated September 15, 2010 (Dkt. No. 51), all consolidated briefing on the *forum non conveniens* issue shall be filed in *Dominguez v. Gulf Coast Marine & Associates, Inc., et al.*, Case No. 9:08-CV-200.

The Court will also hold a hearing on the issue of whether to dismiss the consolidated cases for *forum non conveniens* on **March 10, 2011, at 10:00 a.m. in the United States District Court, 100 E. Houston Street, Marshall, Texas**. The parties shall be given 45 minutes per side for argument.

It is SO ORDERED.

SIGNED this 20th day of September, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE