# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | |
|---|---|
| JUANITA EUGENIA GUTIERREZ GORDILLO, et al, <br>     Plaintiffs, <br><br> v. <br><br> GULF COAST MARINE & ASSOCIATES, INC, et al, <br>     Defendants. | CIVIL ACTION NO. 9-09-cv-164 (TJW) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants Schlumberger Technology Corporation's "Schlumberger"), Matthews Daniel Company's ("Matthews"), Gulf Coast Marine & Associates, Inc.'s ("Gulf Coast"), Glen Carter, and Halliburton Energy Services, Inc.'s ("Halliburton") (collectively, "Defendants") Rule 12(b)(6) Motions to Dismiss Plaintiffs' First Amended Complaint for Failure to State a Claim (Dkt. Nos. 64, 57, 58, 59, and 67, respectively). In their motions, Defendants move the Court to dismiss Plaintiffs' First Amended Complaint (Dkt. No. 56) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Having considered the briefing of the parties and the applicable law, the Court GRANTS-in-part and DENIES-in part Defendants' motions for the reasons discussed below.

## I. Factual Background

Plaintiffs filed suit on October 15, 2009. On October 19, 2009, Plaintiffs filed their Amended Original Complaint, asserting negligence, gross negligence, products liability, and wrongful death claims against various defendants under general federal or international maritime

1

law or, in the alternative, under Texas law or the relevant law of Mexico (Dkt. No. 2). Defendant Schlumberger Technology Corporation ("Schlumberger") filed a motion to dismiss the Amended Original Complaint for failure to state a claim. *See* Dkt. No. 22. In its motion to dismiss the Amended Original Complaint, Schlumberger argued that the Amended Original Complaint did not state a cognizable claim under the general maritime law of the United States because any claim was barred by the Jones Act. Schlumberger further argued that the Jones Act bared Plaintiffs' foreign and state law claims and, thus, that the entire Amended Original Complaint should be dismissed. In an order dated September 20, 2010, the Court granted-in-part and denied-in-part the motions to dismiss the Amended Original Complaint. *See* Dkt. No. 53. In its order, the Court held that the Amended Original Complaint did not properly allege a claim under federal maritime law and dismissed Plaintiffs' claims under federal maritime law without prejudice. *Id*. at 4-5. The Court also held that the Jones Act did not bar Plaintiffs' claims under foreign law or international maritime law and declined to dismiss these claims. *Id*. at 5-8. Finally, the Court held that Plaintiffs' claims under Texas law were preempted by the Jones Act and, thus, were barred by 46 U.S.C.A. § 30105(b). The Court, accordingly, dismissed Plaintiffs' state law claims with prejudice. *Id*. at 8-9.

In accordance with the Court's order granting them leave to file an amended complaint, Plaintiffs filed their First Amended Complaint on October 8, 2010 (Dkt. No. 56). The First Amended Complaint is the basis for the Defendants' current motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' First Amended Complaint makes the same factual allegations as the Amended Original Complaint and alleges claims for civil

liability under the laws of Mexico, moral damages under the laws of Mexico, and Texas state law claims for negligence, gross negligence, and products liability.[1]

## II. Analysis

Defendants' motions to dismiss ask the Court to dismiss Plaintiffs' Texas law claims in the First Amended Complaint based on the Court's ruling that state law claims are preempted by the Jones Act. However, Defendants' motions to dismiss also ask the Court to reverse its ruling that the Jones Act does not preempt foreign law claims and dismiss Plaintiffs' claims under Mexican law in the First Amended Complaint. Similarly, Plaintiffs' response asks the Court to deny Defendants' request to dismiss the Mexican law claims based on the Court's previous ruling that foreign law claims are not preempted by the Jones Act but reconsider its ruling that state law claims are preempted by the Jones Act and, thus, barred. None of the parties makes any new legal arguments with regard to these issues not raised in the briefing of the motions to dismiss the Amended Original Complaint.

The Court dismissed Plaintiffs' claims under Texas law with prejudice in its order dated September 20, 2010 (Dkt. No. 53). Because Plaintiffs have provided no new legal or factual arguments supporting their state law claims, the Court will not reconsider its order dismissing those claims with prejudice. Accordingly, the Court GRANTS Defendants' motions to dismiss (Dkt. Nos. 64, 57, 58, 59, and 67) with respect to Plaintiff's Texas law claims and dismisses Plaintiff's Texas law claims for negligence, gross negligence, and products liability in the First Amended Complaint with prejudice for the reasons detailed in the Court's order dated September 20, 2010 (Dkt. No. 53).

---

[1] Plaintiffs claim that they are reasserting there state law claims despite the Court's dismissal of those claims with prejudice in order to preserve error with respect to the Court's ruling that the state law claims were preempted by the Jones Act.

The Court has also already ruled on the issue of whether the Jones Act preempts foreign law claims. Again, because the Defendants have offered no new arguments to support their contention that the Jones Act preempts foreign law claims and, thus, that Plaintiffs' claims under Mexican law are barred by 46 U.S.C.A. § 30105(b), the Court will not reconsider its ruling that foreign law claims are not preempted by the Jones Act. Consequently, the Court DENIES Defendants' motions to dismiss (Dkt. Nos. 64, 57, 58, 59, and 67) with respect to the claims under the laws of Mexico in the First Amended Complaint for the reasons stated in the Court's order dated September 20, 2010 (Dkt. No. 53).

### III. Certain Defendants' Motions to Dismiss for Improper Venue

Defendants Matthews, Gulf Coast, and Glen Carter also move to dismiss Plaintiffs' First Amended Complaint for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *See* Dkt. Nos. 57, 58, and 59, respectively. However, Matthews, Gulf Coast, and Glen Carter do not provide any factual or legal argument or analysis to support their assertions that venue is improper in the Eastern District of Texas. Accordingly, the Court DENIES Matthews' motion to dismiss for improper venue (Dkt. No. 57 at p. 6), Gulf Coast's motion to dismiss for improper venue (Dkt. No. 58 at p. 4), and Glen Carter's motion to dismiss for improper venue (Dkt. No. 59 at p. 6).

### IV. Glen Carter's Motion to Dismiss for Lack of Personal Jurisdiction

Glen Carter also moves the Court to dismiss the claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (Dkt. No. 59). However, Glen Carter has waived the issue of personal jurisdiction because he failed to raise this defense in his initial pleading. *See* FED. R. CIV. P. 12(g)(2) and 12(h)(1); Defendant Gulf Coast Marine, Inc.

and Glen Carter's Joint Motion for Summary Judgment and Motion to Dismiss for Forum Non Conveniens, Dkt. No. 37. Plaintiffs' amended complaint does not revive Glen Carter's ability to raise a personal jurisdiction challenge under Rule 12(b)(2). *See* Fed. R. Civ. P. 12(g)(2); *Patin v. Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 644 n.7 (5th Cir. 2002). Accordingly, Glen Carter's motion to dismiss for lack of personal jurisdiction (Dkt. No. 59) is DENIED.

IT IS SO ORDERED.

SIGNED this 15th day of November, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE